|   |   |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **DISTRICT OF NEVADA** | |

| | |
|---|---|
| Francisco Vidal, | 2:17-cv-02729-JAD-CWH |
|     Plaintiff | **Order Dismissing Case** |
| v. | |
| Dacken, et al., | |
|     Defendants | |

Pro se plaintiff Francisco Vidal brings this civil-rights action against several correctional officers and other personnel at the Southern Desert Correctional Center for allegedly throwing him on the back of a flatbed golf cart, pinning their knees into his back, causing him to suffer an anxiety-induced asthma attack, failing to provide "breathing treatment," and putting him on suicide watch after he stuck his head through the bars of his bunk and hanged.[1] Vidal was previously ordered to file a completed application to proceed *in forma pauperis* or pay the filing fee within 30 days.[2] That 30-day deadline has now expired, and Vidal has failed to comply or otherwise respond to the court's order.

District courts have the inherent power to control their dockets and, "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[3] A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[4] In determining whether to

---

[1] ECF No. 1-1.

[2] ECF No. 4.

[3] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[4] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439,

dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[5]

I find that the first two factors weigh in favor of dismissal. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[6] The fourth factor is greatly outweighed by the factors in favor of dismissal, and a court's warning that failure to comply with a court order will result in dismissal satisfies the "consideration of alternatives" requirement.[7] When Vidal was ordered to file a pauper application or pay the filing fee within 30 days, he was warned that failure to do so would "result in dismissal of this action,"[8] and that warning was sufficient.

Accordingly, IT IS HEREBY ORDERED that **this action is DISMISSED without prejudice** to Vidal's ability to file his claims again in a new, separate case because of his failure to comply with my October 30, 2017, order.

---

1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[5] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[6] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[8] ECF No. 4 at 2.

1 | The **Clerk of Court** is directed to **enter judgment accordingly and CLOSE THIS
2 | CASE**.
3 | DATED: December 13, 2017.

_____
U.S. District Judge Jennifer A. Dorsey